IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 17-00012-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | **CONCERNING VIOLATIONS OF** |
| | ) | **SUPERVISED RELEASE CONDITIONS** |
| AMELIA M. TEDTAOTAO, | ) | **IN A FELONY CASE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the court are a Petition for Offender Under Supervision and supporting declaration (collectively, the "Violation Petition") filed on July 11, 2022, and the Supplemental Declaration filed on August 19, 2022, *see* ECF Nos. 314 and 322, alleging that the Defendant violated her supervised release conditions as follows:

1. Admitted to using "meth" on May 10, 2022;

2. Failed to appear for 12 drug tests (April 30, 2022, May 5, 10, 12, 25 and 28, 2022, June 17 and 23, 2022, July 6, 14 and 20, 2022, and August 11, 2022);

3. Failed to report for seven substance abuse counseling sessions (June 3, 21 and 27, 2022, July 5 and 11, 2022, and August 1 and 8, 2022); and

4. Failed to follow probation officer's instructions.

On August 23, 2022, the Defendant entered admissions to the above violations. *See* Minutes, ECF No. 324.

Having heard the parties' respective recommendations, the court now issues this Report and Recommendation as to an appropriate disposition for her supervised release violations.

## BACKGROUND

### A.    Conviction and Sentence

On June 11, 2018, the Defendant was sentenced to 30 months' imprisonment, followed by

three years of supervised release for the offense of Conspiracy to Commit Bank Fraud, a Class B felony. *See* Judgment, ECF No. 157. Defendant was also ordered to pay $9,005.53 in restitution, joint and several with the co-conspirators. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of controlled substances and participate in a substance abuse treatment program, which may include drug testing. *Id.* at 4-5.

Defendant served her sentence and commenced her original term of supervised release on January 7, 2020.

**B.      Post-Conviction Conduct**

On January 20, 2022, the Defendant's supervised release term was revoked, and the Chief Judge sentenced her to time served (five months and one day), followed by 54 months of supervised release. The court re-imposed many of the same supervised release conditions as initially imposed and also included a requirement that she serve two months of home detention with location monitoring (which she completed prior to the revocation hearing). *See* Revocation J., ECF No. 292. The basis for the revocation was repeated positive drug tests for methamphetamine, failing to appear for drug testing, numerous admissions to drug use, and failing to appear for substance abuse treatment. *Id.* at 1-2.

**CURRENT VIOLATIONS**

**A.      Filing of Violation Petition**

On July 11, 2022, the probation officer filed the instant Violation Petition, *see* ECF No. 314, alleging the Defendant violated her supervised release by admitting to using "meth," failed to report for drug testing, failing to report for substance abuse counseling and failing to follow the probation officer's instructions, as further detailed below:

| DATE | ACTION |
|---|---|
| April 30, 2022 | Defendant failed to report for a drug test at the Salvation Army's Lighthouse Recovery Center ("LRC"). |
| May 2, 2022 | Defendant met with the probation officer and was driven to the U.S. Probation Office with the assistance of a TOGHE Peer Support Specialist since the Defendant had transportation issues. The Defendant was instructed to report to the probation office every Monday at 11 am for compliance meetings. |

| May 5, 2022 | Defendant failed to report for a scheduled drug test at LRC. She was instructed to report to LRC the following day for a drug test, and she so reported and tested negative. |
|---|---|
| May 9, 2022 | Defendant reported 45 minutes late for her weekly compliance meeting. She claimed she overslept. She tested negative on a drug test. |
| May 10, 2022 | Defendant failed to report to LRC for a scheduled drug test. |
| May 11, 2022 | The probation officer conducted a home visit and administered a drug test on the Defendant. The result was presumptive positive for methamphetamine, and the Defendant signed a form admitting to the use of "meth" on May 10, 2022. |
| May 12, 2022 | Defendant failed to report to LRC for a scheduled drug test. She was instructed to report to LRC the following day for another drug test, and she complied and tested negative. |
| May 16, 2022 | Defendant sent the probation officer a text message claiming that she had an appointment that day and would not be able to make the weekly compliance meeting. |
| May 23, 2022 | Defendant failed to appear for her weekly compliance meeting with the probation officer. |
| May 25, 2022 | Defendant failed to report to LRC for scheduled drug tests. She also failed to contact the probation officer to discuss the noncompliance and be subjected to a drug test. |
| May 28, 2022 | |
| June 3, 2022 | Defendant failed to report for substance abuse counseling session. |
| June 6, 2022 | Defendant failed to appear for her weekly compliance meeting with the probation officer. |
| June 17, 2022 | Defendant failed to report to LRC for scheduled drug tests. She also failed to contact the probation officer to discuss the noncompliance and be subjected to a drug test. |
| June 21, 2022 | Defendant failed to report for substance abuse counseling session. |
| June 23, 2022 | Defendant failed to report to LRC for scheduled drug tests. She also failed to contact the probation officer to discuss the noncompliance and be subjected to a drug test. |
| June 27, 2022 | Defendant failed to report for substance abuse counseling sessions. |
| July 5, 2022 | |
| July 6, 2022 | Defendant failed to report to LRC for a scheduled drug test. She was instructed to report the following day, and she so reported and tested negative. |

///

///

///

1  At the request of the Probation Officer, the court issued a summons for the Defendant to

2  appear on August 16, 2022, to answer to the allegations.[1]  *See* Order, ECF No. 316.

3  **B.    Initial Appearance and Detention**

4  On August 16, 2022, the Defendant appeared before the court as summoned, and Mr. Arriola

5  was appointed to represent her.  *See* Minutes, ECF No. 319, and Appointment Order, ECF No. 321.

6  The probation officer stated that since the filing of the Violation Petition, the Defendant missed an

7  additional four drug tests and three counseling sessions. Mr. Arriola stated that the Defendant just

8  started a new job as a driver with Sodexo.[2]  The court stated that the only thing the Defendant has

9  done is get a job, but the court was not sure how long her employment would last if the Defendant

10  was non-compliant with her supervised release conditions.  The probation officer stated it would be

11  filing a supplemental report and asked that she be detained pending the next hearing.  In light of the

12  new allegations and the numerous violations already alleged, the court ordered the Defendant

13  detained until the next hearing, which was set for August 23, 2022.

14  **C.    Filing of Supplemental Declaration**

15  On August 19, 2022, the probation officer filed a Supplemental Declaration, *see* ECF

16  No. 322, alleging the following additional violations:

17  *Failure to attend drug testing*

18  The Defendant failed to report to LRC for drug tests scheduled on July 14 and 20, 2022, and

19  on August 11, 2022.  The Defendant also failed to contact the probation office the following day

20  after each missed test to discuss her noncompliance and be subjected to a drug test.

21  *Failed to attend substance abuse treatment*

22  The Defendant failed to report for counseling sessions on July 11, 2022, and August 1, 2022.

23  Additionally, she cancelled a counseling appointment scheduled on August 8, 2022.

24  ///

25

26  [1]  The summons was returned as having been executed on July 14, 2022.  *See* ECF No. 317.

27  [2]  The probation officer was not able to verify her claim of employment at the time of the

28  hearing.

**D.      Admissions and Further Court Hearing**

On August 23, 2022, the parties appeared before the court, and the Defendant entered admissions to all the violations. *See* Minutes, ECF No. 324. The Defendant asserted that she was having transportation issues and informed her probation officer about her situation. Defense counsel stated that he would be asking for the Defendant's release on home detention with location monitoring, so the court instructed him to get the logistics worked out with the probation office first. Without objection, the matter was continued to September 6, 2022,[3] and the court ordered the Defendant to remain detained pending the next hearing.

On September 7, 2022, the parties appeared before the court and presented their respective positions on an appropriate sanction for the Defendant's violations. *See* Minutes, ECF No. 326. Having reviewed the record herein and considered the parties' recommendations, the court now issues this Report and Recommendation.

## LEGAL STANDARD

A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Pursuant to Section 3583(g), revocation is mandatory if a defendant refuses to comply with required drug testing. *See* 18 U.S.C. § 3583(g)(3).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

According to the Amended Violation Worksheet, the allegations are Grade C violations, with a guidelines range of 7-13 months of imprisonment, based on the Defendant's criminal history category of V, followed by 41-47 months of supervised release. *See* Violation Worksheet at ¶¶7-10 and 13, ECF No. 322-1.

This is the Defendant's second revocation proceeding. Her underlying offense was a Grade B felony, which subjects her to not more than an additional three years of imprisonment if her

---

[3]  At the request of the Defendant, the hearing was continued to September 7, 2022.

1  supervised release term is revoked.  Her first revocation sentence was for time served (five months
2  and one day).  *See* Revocation J., ECF No. 292.

3       The probation officer recommended a split sanction of 30 days' imprisonment and six months
4  of home detention, since the Defendant's residence meets the technical requirements to permit
5  installation of the location monitoring equipment.  This would allow the probation officer to
6  supervise the Defendant's conduct and would allow her to continue with substance abuse treatment.
7  The probation officer also noted that the Defendant previously completed the Oasis residential
8  treatment program.

9       The United States recommended a sentence of seven months' imprisonment.  Counsel for
10  the government argued that the Defendant did not appreciate the break she received during her first
11  revocation proceeding as evidenced by her multiple violations here.  Ms. David asserted that a
12  sentence of time served would not send the right message to the Defendant.

13       Defense counsel asserted that the grounds for revocation are failures to appear for drug tests
14  and missed counseling sessions and claimed that depression is her excuse for the violations.
15  Mr. Arriola argued that the Defendant is eligible for location monitoring and will be compliant if
16  released.  He asked the court to give the Defendant another chance so she can get back to work,
17  which will help with her recovery.  He joined in the probation officer's recommendation and further
18  noted that the Defendant is prohibited from having visits with family during the first 30 days of
19  detention, which has made her time in custody even more difficult.  Mr. Arriola further stressed that
20  the violations the Defendant faces are not necessarily for testing positive for drug use.

21       The Defendant addressed the court and apologized for not being responsible and for missing
22  her drug tests and counseling sessions.  She noted that she called her probation officer each time and
23  did try to make up any missed tests.  She asked the court to give her another chance to grow.  She
24  stated she wanted to re-engage with the recovery community and continue with her employment to
25  meet her family responsibilities and to pay off her restitution.  The Defendant stated she fell into the
26  pressure of trying to help another addict through recovery but now realizes that everyone's recovery
27  is different, and everyone has a different path.  She claimed that she really loved this other person
28  and fell into depression.  She understood that she cannot force recovery on someone and has to work

on it for herself.

This is the Defendant's second revocation proceeding, so the natural inclination would be to impose a graduated sanction – one that is more severe than her prior sentence. But a more severe sentence in and of itself will not guarantee future compliance, particularly when an offender has a drug addiction and possibly other co-occurring conditions. The court notes that the Defendant successfully completed a substance abuse residential program in the past, and it is not uncommon for addicts to relapse on the road to recovery. Here, the probation officer, the Defendant and her counsel have presented compelling arguments for leniency. While her violations are numerous, they are only Grade C violations. She managed to find employment and stable housing, which is not an easy task for a convicted felon. The court notes that the Defendant's sister went through a similar struggle, but has since turned her life around and is on the road to recovery. That is the court's goal for this Defendant, and it is willing to give her another chance. Further detention will not further the goal of rehabilitation because there are no substance abuse treatment programs available at the federal detention center. A long sentence will also jeopardize the Defendant's chance at re-employment and possibly risk the Defendant losing her housing, which will only further set back the Defendant's recovery. Accordingly, the court recommends a seven-month split sentence comprised of 60 days' imprisonment and five months of home detention with location monitoring. The court believes such a sentence provides just punishment, affords adequate deterrence and gives the Defendant the ability to continue participating in drug treatment.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to the violations noted above, (2) revoke the Defendant's supervised release term and (3) impose a split sentence of 60 days' imprisonment, with credit for time served,[4] and five months of home detention with location monitoring, followed by 52 months of supervised release.

---

[4] The Defendant was ordered detained on August 16, 2022. Accordingly, the court orders the U.S. Marshals Service to release the Defendant from custody on Saturday, October 15, 2022, at 8:00 a.m.

1    A disposition hearing shall be held on December 15, 2022, at 1:30 p.m., unless otherwise

2  rescheduled by the Chief Judge.

3    IT IS SO RECOMMENDED.



**/s/ Michael J. Bordallo**
   **U.S. Magistrate Judge**
**Dated: Oct 12, 2022**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).**